UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel L. Rittner, Sr.,                  Case No. 3:13 CV 1345

    Plaintiff,                        JUDGE JAMES G. CARR

    v.

                                        OPINION AND ORDER

Warden Jesse Williams, *et al.*,

    Defendants.

On August 18, 2013, I denied *pro se* plaintiff Daniel L. Rittner, Sr.'s motion to proceed *in forma pauperis* pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), subject to reopening upon plaintiff's payment of the filing fee in full and a motion to reopen. (Doc. 6.) This matter comes before me on plaintiff's motion for reconsideration within which he argues that his civil rights complaint satisifies the imminent danger exception to § 1915(g). (Doc. 7.) For the reasons that follow, plaintiff's motion is denied.

Plaintiff is an Ohio prisoner who is currently incarcerated at the Allen Correctional Institution ("ACI"). In his complaint, he asserted several claims related to the conditions of his confinement pursuant to 42 U.S.C. § 1983, including deliberate indifference to serious medical needs, retaliation, and denial of access to the courts. However, because plaintiff has on at least eight other occasions filed an action in federal court that was dismissed as frivolous or for failure to state a claim for relief, and because he failed to show that he was under imminent danger of serious physical injury, I denied his request to proceed *in forma pauperis* and dismissed this case without

prejudice subject to reopening.

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion to alter or amend under Rule 59(e). *See McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434, 436 (S.D. Ohio 1990). Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. Proc. 59(e); *Huff v. Metropo. Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained, "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810–1, at 124 (2d ed. 1995).

Plaintiff's motion does not present new evidence, demonstrate that I erred in applying the standard under § 1915(g), cite any intervening change in the law, or show that a manifest injustice

will result if he is unable to proceed with this action *in forma pauperis*. Instead, he asks me reconsider my prior ruling, to re-review his complaint and its attachments again, complaining that I misread his complaint in several respects. This is not an acceptable purpose for plaintiff's motion, which, in any event, lacks merit.

Plaintiff first takes issue with the shorthand reference to the Collegial Review Board Members, ADA Coordinator, and Health Care Administrator as "prison medical officials" or "prison medical staff," arguing his dispute is not with the ACI "medical staff" but with the "Collegial Medical Review Board," whom he claims has interfered with the medical staff's prescribed plan of medical treatment. Nevertheless, regardless of which prison officials plaintiff's dispute is with, neither the complaint nor the attached exhibits[1] demonstrate that he is in imminent danger of suffering serious physical harm.

As the Sixth Circuit has held, " the threat or prison condition must be *real and proximate* and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (emphasis added). Here, plaintiff does not allege any present or imminent, serious physical harm resulting to him from the Collegial Review Board's decision to

---

[1] Rittner points to the following exhibits in support for his contention that defendants have delayed or denied medically necessary prescribed treatment: a hospital discharge summary from *1982* prescribing seizure medication; an inmate health problem list listing only his diagnosed medical conditions from 2008 through 2012, not any prescribed treatment; consultation requests from January and July 2011; a prison kite dated April 18, 2013 requesting confirmation of eye condition diagnosis and follow-up appointment at a "retina clinic" and a *response* dated April 29, 2013 stating that the *possible* diagnosis included glaucoma, retinal detachment or optic neuritis and that a follow-up appointment had been processed and scheduled; interdisciplinary progress notes from August 24, 2011 denying a request for a consultation at an off-site pain clinic and recommending that Rittner's pain level be monitored and treated at the institutional level; and a May 8, 2012 request for prior authorization sent to the ODRC Medical Director for "lidocain viscus" skin cream to treat neuropathy and osteoarthritis.

disallow consultations requested *more than two years* prior to the filing of the complaint or from their decision to deny him lidocaine in May of *last year.* These allegations of past danger are insufficient to invoke the imminent danger exception. *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011).

Further, plaintiff's allegation that he has a "possible" detached retina is insufficient to give rise to a reasonable inference that this danger actually exists. *See Rittner*, 290 F. App'x at 798 ("district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible") (internal citation and quotation marks omitted).

Meanwhile, as I noted in my prior ruling, the complaint and the exhibits indicate Rittner is receiving ongoing treatment and accommodations for his back condition (Compl. ¶¶ 19-20), medical care for his eye condition (Compl. ¶ 26; Doc. 1-2), a hearing aid (Compl. ¶ 68), and has been offered nurse-dispensed seizure medications (Compl. ¶ 74).[2]

Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994). To be sure, "a court can always take a second look" at a prior decision;

---

[2] See also Doc. No. 1-2 (grievance appeal decision noting plaintiff is receiving treatment "related to hypothyroidism and seizures; last being seen on 5-7-13;" has an appointment at "OSU Ophthalmology;" has received prescriptions for "Lacrilube eye drops, Naprosyn, Synthroid, Selsun shampoo, hemorrhoid pads, calcium/vitamin D, EC aspirin and antivert;" has had surgery; received a hearing aid; provided treatment for tendinitis; received care for retinal detachment and cataract removal; and numerous outside consults have been approved.)

but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." *Id.* at 1407. Where, as is the case with much of the instant motion, "[plaintiff] views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v.. United States.*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (citations omitted); *see also McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

Plaintiff's motion for reconsideration is not well-taken.

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion for reconsideration [Doc. 7] be, and the same hereby is overruled; and

2. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.[3]

 s/ James G. Carr
JAMES G. CARR
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."