## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Daniel L. Rittner Sr.,                                      Case No. 3:13CV1345

                    Plaintiff

              v.                                            **ORDER**

Jessie Williams, Warden, et al.,

                    Defendants

This is a pro se prisoner's civil-rights suit under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

The plaintiff, Daniel L. Rittner Sr., is an inmate at the Allen Correctional Institution in Lima, Ohio. Long ago, Rittner accumulated the "three strikes" that preclude him from filing, absent a showing of imminent danger of physical harm, civil lawsuits in this court without pre-payment of the filing fee. *See* 28 U.S.C. § 1915(g).

On initial review of the complaint in this case, I concluded Rittner failed to make such a showing and denied his motion to proceed in forma pauperis. The Sixth Circuit reversed on April 30, 2014 and remanded for further proceedings. *Rittner v. Williams*, No. 13–4099 (6th Cir. Apr. 30, 2014).

Since then, Rittner has filed a tsunami of pleadings – by my tally, fifty-eight motions between May, 2014, and June, 2016.[1] This deluge has swamped me and my staff, creating a nearly

---

[1] This tally does not include the numerous, and voluminous, "declarations," exhibits, and attachments that accompanied many of these pleadings.

impenetrable quicksand of verbiage, most of it irrelevant and much of it incomprehensible, that has brought this case to a standstill.

In an effort to staunch the ever-incoming, constantly increasing tide of Rittner's filings – many of which ask, in essence, that I arbitrate each of Rittner's treatment disputes with the prison's medical staff as those disputes arise, *e.g.*, Docs. 42, 52, 56, 69, 87, 98, 111, 129, 137 – I have, at various junctures, ordered the parties not to file further pretrial motions until I had ruled on some of the earlier filings. (Docs. 90, 99, 148).

I have also held certain motions in abeyance pending a ruling on potentially dispositive filings like the defendants' motion to dismiss and their motion for judgment on the pleadings. (Docs. 53, 90, 99, 112, 128, 135).

Finally, I barred Rittner from making any further pretrial filings without first obtaining leave of court. (Doc. 99).

Nothing has kept the flood from rising. Even my demand that Rittner file nothing without my prior approval simply channeled his incessant motions into requests for leave to file.

Rittner's unabated filings obscured the fact that, in March, 2015, the defendants had filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(b)(1). (Doc. 94). In March of this year, I granted the motion in part and denied it in part. *Rittner v. Williams*, 2016 WL 1223221 (N.D. Ohio).

Despite obtaining this victory, Rittner forced the proceedings to a halt yet again, this time by taking a premature appeal from the interlocutory order disposing of the defense motion. (Doc. 139). The Sixth Circuit dismissed the appeal on June 2, 2016 for want of appellate jurisdiction. *Rittner v. Williams*, No. 16–3397 (6th Cir. June 2, 2016).

2

Despite the failure of my earlier efforts to create a workable way – a procedural canal – though the morass, I will, once again, undertake to survey the swampland that is this case, demark some points of anchorage or safe passage, and proceed from there. To do so, I now review various motions, all filed by Rittner, that have become decisional.

Pending are Rittner's motions for leave to file: 1) a motion to "Preserve New Constitutional Violations" (Doc. 137); and 2) a temporary restraining order (Doc. 150).

Also pending are his motions to: 1) stay proceedings (Doc. 140); 2) appoint counsel (Doc. 141); 3) alter, amend, or vacate the order granting in part the defendants' motion for judgment on the pleadings (Doc. 142); 4) order the prison cashier to give Rittner a copy of "demand statement" (Doc. 146); and 5) proceed on appeal in forma pauperis (Doc. 147).

## A. Appeal-Related Motions

First, I deny Rittner's motions to proceed on appeal in forma pauperis and order the prison cashier to tender certain documents to Rittner. Both relate to the fruitless and frivolous appeal Rittner attempted to take from my ruling on the defendants' motion for judgment on the pleadings. Because that was an interlocutory decision, rather than a final, appealable order, the Sixth Circuit dismissed the appeal for want of jurisdiction. *Rittner v. Williams*, No. 16–3397 (6th Cir. June 2, 2016).

Accordingly, these motions are moot.

## B. TRO

Second, I deny Rittner's motion for leave to file a temporary restraining order.

The crux of the motion is that I should permit Rittner to file this pleading because he is "now denied any and all medical care by Dr. Carlos Perez as of Jan 28, 2016 in apparent retaliation against Rittner for filing the instant law suit." (Doc. 150).

3

Dr. Carlos Perez is not a defendant in this case, however, and the treatment-related complaints Rittner's motion discusses have nothing to do with whether, as is necessary given the present posture of this case following my decision on defendants' motion for judgment on the pleadings, the defendants violated the ADA or the Constitution.

This case is about Rittner's allegations, and *only those allegations*, that: 1) appear in Rittner's complaint, the addendum thereto, and his supplemental complaint (Docs. 1, 1–3, 55); and 2) have survived the defendants' Rule 12(b)(1) motion.

The motion for leave highlights a major flaw in Rittner's litigation strategy, which is to muddy the already murky waters of this case in an effort to mislead me into addressing every dispute he has about his medical treatment, no matter when it occurred and no matter who is allegedly responsible.

That, of course, is not permissible under Civil Rules 18 and 20.

"Concerns about management of a case in which plaintiffs are allowed to join claims arising from separate incidents each involving different parties and predominantly unrelated issues weigh heavily against exercising discretion, when any exists under the Federal Rules, to bring into one civil action such a complex array of claims and parties." *Hilton v. Pickell*, 2016 WL 1165433, *1 (E.D. Mich.).

It is likewise impermissible given the Prison Litigation Reform Act, the aim of which was to reduce the number of frivolous prisoner filings. *E.g.*, *Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004); *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). A cornerstone of that Act is, of course, the three-strikes provision, which precludes prisoners who, like Rittner, have filed three or more frivolous lawsuits, from filing new cases without prepayment of the filing fee.

With specific reference to multi-claim, multi-defendant prisoner suits, one court has explained:

> multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).
>
> *    *    *
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

This case looks a lot like the hypothetical case the Seventh Circuit discussed in *George*.

Indeed, it is hard to imagine a judge tolerating an attorney's use of the tactics Rittner has employed in this case. It is apparent, moreover, that Rittner is abusing his status as a pro se litigant and the gift of pauper status the Sixth Circuit has given him. The vast majority of his filings have served only to distract me and my staff, not just in this case, but *vis-a-vis* the many others on my docket, and unnecessarily delay the proceedings in this case. Almost without exception, these filings have little, if any, relation to the claims in his original and supplemental complaints.

Not even after obtaining a favorable ruling, though perhaps not as favorable as Rittner thinks it should have been, did he pause in, much less cease, his vexatious litigation.

Instead, in addition to his meritless appeal of my ruling, he tried to add additional unrelated claims to those few allegations that survived the defendants' motion for judgment on the pleadings.

5

Thus, even though some four months have elapsed since I ruled that Rittner presented some plausible claims, this case is apparently no closer to its resolution.

Accordingly, I deny Rittner's motion for leave to file a temporary restraining order.[2]

### C. Motion to Preserve New Constitutional Violations

Third, I deny Rittner leave to file the motion to preserve "New Constitutional Violations."

In this motion, Rittner complains about actions post-dating the filing of his original and supplemental complaint that allegedly violated his constitutional and statutory rights. However, this pleading has nothing to do with the only claims at issue in this case.

Accordingly, the motion for leave to file is denied for the reason given in connection with Section B of this order, *supra*.

### D. Motion to Stay

Fourth, I deny Rittner's motion for a stay.

Rittner asks that I stay further proceedings until I rule on his requests for leave to file four supplemental complaints. (Doc. 140 at 1).

To the extent I have not explicitly so held, I now hold that these claims and complaints are, for the reasons given above, improper, and Rittner may not file them in this case. This case will proceed on those claims, and only on those claims, that have survived the defendants' motion for judgment on the pleadings

---

[2] This is, moreover, Rittner's fifth request for emergency relief in this case, the prior iterations of which the defendants' opposition thoroughly describes. The defendants' arguments in opposition to this request (Doc. 154 at 3–5) would, even if the claim were properly before me, justify wholesale denial of Rittner's latest filing.

6

### E. Motions for Appointment of Counsel and Reconsideration

I will take Rittner's motions for appointment of counsel and reconsideration, which have only recently become decisional, under advisement.

### F. *Sua Sponte* Order Not to File

Until I issue a decision on those motions, moreover, neither party may file any pleading in this case unless the court requests such a pleading. Any pleading filed without a request from the court will be stricken from the docket and may lead to the imposition of sanctions.

**SO THAT THIS ORDER NOT TO FILE AND THE CONSEQUENCES OF ITS VIOLATION ARE CLEAR:** *ANY* **PLEADING FILED IN VIOLATION OF THIS ORDER NOT TO FILE SHALL RESULT IN SANCTIONS, INCLUDING, IF PLAINTIFF VIOLATES THIS ORDER, DISMISSAL OF THIS CASE** *WITH PREJUDICE.*

I enter this order because all my prior efforts to limit plaintiff's irrelevant filings have been entirely unsuccessful. He has routinely ignored my prior orders. I hereby put him on notice that a single pleading, of any kind whatsoever, filed by him in violation of this order *shall result in dismissal of this case, with prejudice.*

In addition, if I enter such order, I will deny leave to appeal *in forma pauperis*.

### Conclusion

It is, therefore

ORDERED THAT:

1.    Rittner's motions to order the prison cashier to tender certain documents (Doc. 146) and for leave to proceed on appeal in forma pauperis (Doc. 147) be, and the same hereby are, denied as moot.

7

2.     Rittner's motions for leave to file motions to preserve new constitutional claims (Doc. 137) and a temporary restraining order (Doc. 150) be, and the same hereby are, denied.

3.     Rittner's motion to stay (Doc. 140) be, and the same hereby is, denied.

4.     Rittner's motions for appointment of counsel and for reconsideration (Docs. 141, 142) be, and the same hereby are, taken under advisement.

5.     Rittner may not, under any circumstances, file in this case a claim or pleading that: 1) involves a prison staff member (whether a correctional officer, a nurse or doctor, or an employee of any stripe) who is not already a defendant in this suit; and 2) does not relate to the time-frame of those claims that have survived the defendants' motion for judgment on the pleadings.

    A.     To the extent that Rittner has previously sought leave to file pleadings or claims that are outside the parameters set forth in the preceding paragraph, and to the extent I have not explicitly so held, those requests are hereby denied.

    B.     Should Rittner file such a pleading or claim in this case, however styled, I will impose an appropriate sanction, up to and including dismissal of this suit with prejudice.

    C.     This order is without prejudice, however, to Rittner's ability to file, assuming he pays the filing fee or obtains pauper status, a new lawsuit raising such a claim or claims under a new case number.

8

6.     Neither party may file any pleading in this case until the court issues a decision on Rittner's motions for appointment of counsel (Doc. 141) and reconsideration. (Doc. 142), unless the court requests a party to file such a pleading. Any pleading filed without the court's request will be stricken from the docket and will lead to the imposition of sanctions, including dismissal of this case with prejudice.

7.     The Clerk shall take notice that cases Rittner may file in the future alleging claims other than the limited claims in this case shall be treated as unrelated to this case, and randomly assigned.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

9